UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER TRACKLING (#117085)

VERSUS                                                            CIVIL ACTION

SGT. SHAUNRY WILLIAMS                                 NUMBER 10-197-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on August 18, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER TRACKLING (#117085)

VERSUS                                                                                      CIVIL ACTION

SGT. SHAUNRY WILLIAMS                                                     NUMBER 10-197-JJB-DLD

**MAGISTRATE JUDGE'S REPORT**

**Background and Procedural History**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Shaunry Williams. Plaintiff alleged that on November 9, 2009, Williams asked him to participate in a sex act.

In his complaint, the plaintiff alleged that there is no prisoner grievance procedure at the penitentiary and he did not file an administrative grievance (ARP) regarding the claim made in the complaint. Contrary to the plaintiff's allegation in part II.A. of his Complaint, there is a prisoner grievance procedure at the penitentiary. LAC 22:I:325. Based on the plaintiff's statement that he did not file an ARP, a magistrate judge's report was submitted to the district judge recommending that the complaint be dismissed for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997(e)(a).[1] In his objection to the magistrate judge's report, despite his allegation to the contrary, the plaintiff produced evidence showing that he had in fact exhausted available remedies through the Administrative Remedy Procedure prior to filing the complaint. On April 6, 2010, the

---

[1] Record document number 4.

magistrate judge's report was withdrawn.[2]

Plaintiff has filed six complaints in this court since March 25, 2010, alleging that on six separate occasions four different correctional officers came to his cell in the middle of the night and asked the plaintiff to allow them to perform a sex act on him.[3] Plaintiff alleged that in each instance he allowed the correctional officer to either masturbate or perform oral sex on him for five to 25 minutes. Plaintiff sought no relief in this matter. The only relief sought in the other cases is that the correctional officers be removed from the plaintiff's housing unit.[4]

### *Spears* Hearing

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) was held in CV 10-198-JVP-SCR, CV 10-244-JVP-SCR and CV 10-343-JVP-SCR[5], to determine whether the plaintiff's complaints are frivolous.[6] At the *Spears* hearing, the plaintiff stated

---

[2] Record document number 6.

[3] *Trackling v. Wilkinson*, CV 10-196-FJP-DLD; *Trackling v. Williams*, CV 10-197-JJB-DLD; *Trackling v. Howard*, CV 10-198-JVP-SCR; *Trackling v. Howard*, CV 10-244-JVP-SCR; *Trackling v. Small*, CV 10-245-JVP-CN; and *Trackling v. Williams*, CV 10-343-JVP-SCR.

[4] A review of the Investigative Report filed in response to the court's 30 Day Stay Order issued in CV 10-198-JVP-SCR showed that the plaintiff has accused 15 correctional officers from three different shifts of the similar sexual misconduct. Following an internal investigation, all allegations were determined to be unfounded. Record document number 17, pp. 50-52.

[5] In CV 10-343-JVP-SCR, the plaintiff alleged that on November 23, 2009, Sgt. Shaunry Williams, the same person named as a defendant in this action, performed oral sex on the plaintiff while the plaintiff was in the shower.

[6] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the proceedings held in CV 10-198-JVP-SCR, CV

that he prepared the complaints and must have been mistaken when he indicated on the complaint forms that administrative remedies are unavailable at the penitentiary and that he did not exhaust administrative remedies regarding the claims raised in the complaint. Plaintiff's explanation regarding his false responses on the complaint forms was found to be implausible, particularly since the plaintiff admitted that he currently has over 50 administrative grievances pending on backlog. With regard to the alleged sexual encounters, the plaintiff denied that he sustained an injury as a result of the incidents and stated that there are no witnesses to the incidents. Plaintiff stated that after complaining about the alleged incidents, he was taken to the medical department where he was visually examined by a physician. Plaintiff complained that no tests were conducted to determine whether he contracted a sexually transmitted disease, but he acknowledged that every year he is given an HIV-Aids test.

CV 10-198-JVP-SCR, CV 10-244-JVP-SCR and CV 10-343-JVP-SCR were dismissed pursuant to 42 U.S.C. § 1997e(e).

### Applicable Law

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Subsection (e) of 42 U.S.C. § 1997e provides:

---

10-244-JVP-SCR and CV 10-343-JVP-SCR.

(e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged incident with Williams.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e(e).

Signed in Baton Rouge, Louisiana, on August 18, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**